**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**HOWARD BODDIE, Jr.,**

    **Plaintiff,**

  **vs.**                                                    **Civil Action 2:12-CV-227
Judge Marbley
Magistrate Judge King**

**RON O'BRIEN,** *et al.***,**

    **Defendants.**

<u>**OPINION AND ORDER**</u>

    On May 14, 2012, the United States Magistrate Judge recommended that this action be dismissed because all defendants are immune, either from suit or from liability for monetary damages, *i.e.*, the only form of relief sought in the action. *Report and Recommendation*, Doc. No. 12. This matter is now before the Court on plaintiff's objections to that recommendation. *Objection*, Doc. No. 14. For the reasons that follow, plaintiff's objections are **DENIED.** This action is hereby **DISMISSED.**

    The *Complaint,* Doc. No. 11, names as defendants the State of Ohio, a state court trial judge and the Franklin County Prosecutor; the *Complaint* also refers to two unnamed Assistant County Prosecutors. Plaintiff, a state prisoner, seeks monetary damages in connection with a criminal prosecution which, plaintiff alleges, violated plaintiff's rights under the Double Jeopardy Clause of the United States Constitution. "This unconstitutional prosecution is the basis of this action." *Objection*, p. 4. The Magistrate Judge reasoned, *inter alia,* that the defendant prosecutors are absolutely immune from liability for

monetary damages in this action.[1]  *See Imbler v. Pachtman*, 424 U.S. 409 (1976). Plaintiff argues that these defendants are not entitled to absolute immunity from liability for monetary damages because they "failed to investigate the Double Jeopardy violations." *Objection,* p. 6.[2] This Court disagrees. Plaintiff's claims against these defendants are grounded in their decision to criminally prosecute plaintiff.  This is quintessentially a prosecutorial function for which these defendants are entitled to absolute immunity from liability for monetary damages.

Plaintiff also urges this Court not to dismiss the case at this early stage of the proceedings but, instead, permit plaintiff to conduct discovery in support of his claims.  However, federal law requires that, under the circumstances presented in this action, the Court conduct an initial screen of the complaint and *sua sponte* dismiss any claim that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(iii).  *See also* 28 U.S.C. § 1915A(b)(2).  The Magistrate Judge did not err in conducting that initial screen and recommending dismissal of plaintiff's claims.

Plaintiff's objections to the *Report and Recommendation* are therefore DENIED.  The *Report and Recommendation*, Doc. No. 12, is **ADOPTED AND AFFIRMED**.  This case is hereby **DISMISSED.**

The Clerk shall enter **FINAL JUDGMENT**.  Moreover, the Court concludes that an appeal from the judgment entered in this action would not be taken in good faith.  *See* 29 U.S.C. § 1915(a).

---

[1] The Magistrate Judge did not, contrary to plaintiff's assertions, consider whether any defendant is entitled to qualified immunity.

[2] Plaintiff's objections do not address the recommendation that the claims against the State of Ohio and the state court trial judge be dismissed.

                        <u>s/Algenon L. Marbley</u>
                            Algenon L. Marbley
                    United States District Judge